UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michelle Olivieri,

    v.                                      Civil No. 08-CV-37-PB

United States of America,

**O R D E R**

On April 13, 2005, a federal grand jury sitting in this District returned a two-count Indictment charging the petitioner, Michelle Olivieri (hereafter "Olivieri"), with distributing a total of 1.27 grams of cocaine base ("crack") in violation of 21 U.S.C. § 841. Attorney Bjorn Lange was appointed to represent her under the Criminal Justice Act.

On November 22, 2005, Olivieri appeared before me and plead guilty to the charges in the Indictment. On February 17, 2006, she was sentenced to 90 months imprisonment.

On February 4, 2008, Olivieri filed a motion pursuant to 28 U.S.C. §2255 seeking to vacate her conviction by raising ineffective assistance allegations against her former counsel, Mr. Lange.

On May 1, 2008, Olivieri appeared before me for a hearing to address the allegations she had made against her former defense counsel. At that time, Olivieri's allegations against Mr. Lange were denied. However, it was during this hearing that she first mentioned the possibility of suffering from a mental illness which may have affected her judgment or capability to understand the Rule 11 proceedings. In order to address these new claims, the parties agreed to submit Olivieri to a competency evaluation.

I have received a copy of Olivieri's competency evaluation prepared by Dr. Elissa R. Miller, Forensic Psychologist with the Federal Bureau of Prisons.  In her report, Dr. Miller concluded, from a review of Olivieri's medical and psychiatric records, that she has never been "diagnosed with a major psychotic disorder or manic disorder which would interfere with her ability to make rational decisions with regard to her case," and that in fact, it was Olivieri who diagnosed herself with being Bipolar, Schizophrenic and having ADHD.  In addition, Dr. Miller opined that Olivieri was competent at the time of her plea and sentencing hearings, and that there was nothing in her records, self-report or hearing transcripts to suggest that she was not able to appreciate the nature of the charges, the nature of her plea, her decision to waive her right to appeal, or to take a plea.

I therefore credit Dr. Miller's report and deny Olivieri's petition pursuant to 28 U.S.C. §2255.


**SO ORDERED.**

      /s/ Paul Barbadoro
Paul Barbadoro
U.S. District Court Judge

Date: February 4, 2009

cc: Glenn Geiger, Esq.
    Aixa Maldonado-Quiñones, Esq.